IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| BECKY NELSON, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| JANUS INTERNATIONAL ROLLING STEEL, LLC, | ) ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Becky Nelson (hereinafter "Plaintiff"), and files this lawsuit against Defendant Janus International Rolling Steel, LLC (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Janus International Rolling Steel, LLC is a Georgia corporation, and the unlawful employment practices described herein occurred at 135 Janus International Blvd., Temple, GA, 30179. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant as a mechanical drafter.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Janus International Rolling Steel, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Janus International Rolling Steel, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV. Facts

14.

Plaintiff worked for the Defendants within the past three years.

15.

Plaintiff's position as a mechanical drafter did not require a specialized degree or course of instruction.

16.

Plaintiff does not have a specialized degree in drafting, and has a degree in nursing.

17.

Plaintiff was paid on a salary basis, and was not paid for her hours over forty.

18.

Plaintiff typically worked from 5:00 a.m. and would work until 6:00 or 7:00 p.m.

19.

Defendant did not track Plaintiff's hours.

20.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

### V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

21.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

22.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

23.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

25.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.

Defendant's conduct was willful and in bad faith.

27

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to

recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 5th day of March, 2012.

                                        **BARRETT & FARAHANY, LLP**

                                        s/Amanda A. Farahany
                                        Amanda A. Farahany
                                        Georgia Bar No. 646135
                                        Attorney for Becky Nelson and Don Mills

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile